<hr />

### THE FLEMINGTON.

### THE ARTHUR W. PALMER.

(Circuit Court of Appeals, Second Circuit. April 14, 1913.)

#### No. 213.

COLLISION (§ 95\*) — NEGLIGENT BACKING INTO CHANNEL — COLLISION WITH TOW.

A steam tug *held* solely in fault for a collision with the tow of another tug, on the ground that she backed from her berth into a narrow and frequented channel without proper precautions, when the other tug was seen approaching.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 200–202; Dec. Dig. § 95.\*

Collision with or between towing vessels and in tow, see note to The John Englis, 100 C. C. A. 581.]

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in admiralty by the Central Union Stockyards Company against the steam tug Flemington, the Central Railroad Company of New Jersey, claimant, in which the steam tug Arthur W. Palmer, the Moran Towing & Transportation Company, claimant, was impleaded. Decree against the Flemington, and her claimant appeals. Affirmed.

The following is the oral opinion of Van Vechten Veeder, District Judge:

The witnesses for the Flemington and for the Palmer give accounts of this collision that cannot be reconciled, because each boat claims that the other was going away from it at the time of the collision, under which circumstances no collision would have been possible. The determination of this issue depends largely upon the credibility of witnesses, and in that respect I think that the witnesses for the Palmer give an account that is more coherent and more consistent, and therefore more convincing, than the witnesses on behalf of the Flemington.

I am disposed to accept as a fact the account given by the captain of the Palmer, supported as it is by the testimony of other witnesses on behalf of the Palmer, and particularly by the only disinterested witness in the case. The clear preponderance of all the testimony, including that of some of the witnesses for the Flemington, shows beyond a doubt that the collision took place far out in the middle of this navigable channel. I have no doubt from the testimony that the Palmer, with her tow, was pursuing the usual and customary course through this narrow channel, and, as it is a busy channel, that course must have been well known to this tug, which berthed alongside of Pier 8. I could not reach any other determination if I were disposed to accept the testimony of the man who says he was on the lookout on the stern of the Flemington, because his testimony shows, as indeed the testimony or the report of the captain of the Flemington to the local inspectors

shows, that although he saw the Palmer coming down with the tow a long distance away he did not give a signal to his captain until they were out in the channel.

I think the preponderance of the credible testimony in this case shows that the Flemington backed out without taking proper precautions. She evidently came out under a momentum that she was unable to check when, at last, an effort was made to avoid this collision.

I find no fault on the part of the Palmer. Decree accordingly.

James J. Macklin, of New York City (De Lagnel Berier, of New York City, of counsel), for appellant.

Carpenter & Park and Foley & Martin, all of New York City (H. E. Mattison, of New York City, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. Decree affirmed, with interest and costs, on opinion of Judge Veeder.